THOMPSON, J.
Thomas Cioni raises two issues on appeal. First, he argues that the trial court erred by requiring him to pay excessive attorney’s fees. Second, he argues that the trial court erred when it sentenced him on a charge which had been nolle prossed by the state. We affirm, but remand for correction of a scrivener’s error.
Initially, the state charged Cioni with burglary of a dwelling,[1] grand theft[2] and resisting arrest without violence.[3] Cioni’s attorney, an assistant public defender, negotiated an agreement with the state. In return for a plea of nolo contendere to the first two charges, the state would file a nolle prosequi to the remaining charge. Cioni accepted the agreement and entered the plea. On the date of sentencing, Cioni argued that he had a conflict with his attorney and attempted to withdraw his plea. The trial court appointed another attorney to represent Cioni. After the newly appointed attorney conferred with Cioni, the trial court heard and then denied the motion to withdraw the plea, and continued with the sentencing. The guideline sentencing range was 34.5 months to 15 years. Cioni was sentenced to seven years on each of the two charges with the sentences to run concurrently. The trial court also required Cioni to pay each lawyer $690.00.
After reviewing the record we conclude that Cioni did not preserve the attorney’s fee issue. To preserve the issue for appeal, Cioni was required to request a hearing before the trial court within 30 days of his sentencing. See Fla. R.Crim. P. 3.720(d)(1), (2). Here, Cioni waited more than five months after filing his notice of appeal before objecting to the attorneys’ fees. The issue cannot now be considered on appeal. Hill v. State, 734 So.2d 443 (Fla. 2d DCA 1999).
As to the second issue, the state concedes there is a scrivener’s error. We remand for the purpose of correcting the error. Cioni need not be present. Mosco v. State, 640 So.2d 1219 (Fla. 5th DCA 1994).
AFFIRM sentence; REMAND to correct scrivener’s error.
COBB and ORFINGER, R.B., JJ„ concur.

. § 810.02(3), Fla. Stat. (1991).

. § 812.014(2)(d), Fla. Stat. (1999).

.§ 843.02, Fla. Stat. (1991).